**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jose Medina,<br>Individually and on behalf of all others similarly situated,<br><br>                                     Plaintiff,<br><br>-v-<br><br>Island Master Locksmith Inc.,<br><br>                                     Defendant. | Civ. Action #:<br><br>**COMPLAINT**<br>(Collective & Class Action)<br><br>Date Filed:<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jose Medina, on behalf of himself, and all others similarly situated, by Abdul K. Hassan, his attorney, complaining of the Defendant Island Master Locksmith Inc. ("Defendant," or "Island Master") respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated current and former employees who worked for the defendant as locksmith mechanics or in similar positions, and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to unpaid wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for all such hours over forty in a week, and (ii) entitled to maximum liquidated damages – including on overtime wages paid later than weekly, and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of himself and a class of other similarly situated current and former employees who worked for defendant as locksmith mechanics or in similar positions, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for all such hours over forty in a week, and (ii) entitled to maximum liquidated damages – including on overtime wages paid later than

weekly, costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3. Plaintiff complains on behalf of himself and a class of other similarly situated current and former employees who worked for defendant as locksmith mechanics or in similar positions, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to recover unlawful deductions from their wages, as well as unpaid overtime and non-overtime wages and (ii) entitled to maximum liquidated damages – including on all wages paid later than weekly, to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202

## THE PARTIES

7. Plaintiff Jose Medina ("Plaintiff" or "Medina") is a resident of Bronx County in the State of New York.

8. Upon information and belief, defendant Isand Master Locksmith Inc., ("defendant" or "Isand Master") is a domestic NY business corporation.

2

9. Upon information and belief, defendant Island Master Locksmith Inc. is organized and existing under the laws of the State of New York and duly authorized to do business in New York.

## **STATEMENT OF FACTS**

10. Upon information and belief, and at all times relevant herein defendant is in the Locksmith business proving such services to their clients throughout the New York metropolitan area as well as in New Jersey and Connecticut.

11. Upon information and belief, defendant Island Master maintains offices within the State of New York at 77 North Broadway, Hicksville, NY 11801.

12. Upon information and belief, and at all times relevant herein, Island Master Locksmith Inc. operated and provided services throughout New York City as well as New Jersey and Connecticut.

13. Upon information and belief and at all times relevant herein, Defendant Island Master Locksmith Inc. has over 100 employees.

14. Upon information and belief, and at all times relevant herein, defendant was involved in the business of providing a variety of locksmith services to their customers.

15. Upon information and belief and at all times relevant herein, defendant had annual revenues from its operations of more than five hundred thousand dollars.

16. Upon information and belief and at all times relevant herein, defendant had annual revenues from its operations of more than one million dollars.

17. Upon information and belief, Plaintiff Jose Medina was employed by Defendant for about seven years ending in November 2011.

18. At all time relevant herein, plaintiff was employed by Defendant as a locksmith mechanic.

19. At all times relevant herein, Plaintiff was employed by Defendant as an hourly employee.

20. Plaintiff's hourly rate was about $54/hr.

21. At all time relevant herein, in performing his job for defendants, plaintiff, like the other locksmiths employed by defendant, would drive in defendant's vehicle to the client's location to perform his locksmith work. On occasion, the truck would be issued parking tickets while plaintiff is performing work on behalf of defendant.

22. Defendant had a policy and practice of deducting parking tickets and fines and similar charges from the wages of plaintiff and those of the putative class members.

23. The improper deduction for parking fines etc., improperly resulted in the underpayment of overtime wages under the FLSA and NYLL.

24. Plaintiff and the putative class members were required to secure and care for defendant's truck 24 hours a day, seven days a week.

25. At all relevant times herein and for the time Plaintiff was employed by Defendant, he worked more than forty (40) hours in a week for some or all weeks.

26. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least one and one half times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

27. For a period of plaintiff's employment (believed to be prior to 2010), defendant had a practice where plaintiff was required to and would call-in his hours of work based on the jobs assigned to him by defendant.

4

28. For a period of plaintiff's employment (believed to be after December 2009), defendant had a practice where work hours (those defendant woul pay for) were submitted on written timesheets.

29. Upon information and belief, and at all times relevant herein, all jobs performed by plaintiff were coordinated through a dispatcher and a record of the job or activity was made by defendant.

30. During the period that plaintiff called in his hours, defendant would reduce the actual hours/overtime hours worked and called in. For example, if plaintiff called in 7 hours of overtime, defendant would reduce that number and pay plaintiff only for four hours. For example.

31. Upon information and belief, for a period of plaintiff's employment with defendant (believed to be prior to 2010), when defendant paid plaintiff for some overtime hours, it did so at the straight regular rate and not at the overtime premium rate.

32. At all times relevant herein, and pursuant to defendant's policy, plaintiff would work 2-4 hours on Saturdays, or even more (plaintiff worked 40 hours and more Monday to Friday) – plaintiff would spend this time restocking his truck with inventory that is used to perform work during the week, and plaintiff would complete, hand in and process the paperwork for the many jobs performed during the week. On these Saturdays, defendant would even assign plaintiff on oaccasion to peform locksmith jobs for clients. Plaintiff was never paid for these hours/overtime hours on Saturdays.

33. At all times relevant herein, plaintiff was never paid for certain work travel such as travel from the job site back to defendant's place or bak to the place the work truck would be parked. For example, if plaintiff finished a job in Connecticut at 5:30PM and took three hours to drive back to New York and park defendant's truck – plaintiff was not pay for this travel work time. Plaintiff expended such travel work time on a daily basis but was never

paid for such time.

34. At all times relevant herein, plaintiff was never paid for certain work associated with giving estimates to customers. For example, if plaintiff was dispatached at 4:45PM to travel to New Jersey to give a quote to a customer, and plaintiff left the customers site in NJ at 7PM and returned to NYC at 9PM – defendant compensated plaintiff only until 5PM under the rationale that that the giving of an estimate is not an income producing job.

35. At all times relevant herein, plaintiff was employed by defendant as a manual worker, workingman or mechanic. Plaintiff's job was of a physical and manual nature, which required driving a truck, packing and unpacking heavy tools and supplies, lifiting and moving doors and other heavy materials and equipment and applying a lot of physical force to do his work as a locksmith mechanic.

36. Because plaintiff and putative class members were manual workers, mechanics or workingmen, defendant violated their rights under the FLSA and NYLL by paying them their overtime wages and non-overtime wages (NYLL) bi-weekly instead of weekly as required by NYLL, including NYLL 191(1)(a)(i).

37. The violations above and herein as to plaintiff also applied to members of the putative class and classes at all relevant times, who also were not paid the required overtime, were paid their wages later than weekly, and were subject to illegal deductions.

38. Plaintiff incorporates herein, <u>accurate</u> copies of plaintiff's wage and time records that defendant was required to keep and maintain pursuant to the FLSA and NYLL.

39. Upon information and belief, the unpaid overtime for plaintiff ranged from 10-20 hours a week.

40. The hours and wages of plaintiff and the putative class will be refined when defendant produces accurate employment, wage and time records it was required to keep pursuant to

the FLSA and NYLL.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

41. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 40 above as if set forth fully and at length herein.

42. The named Plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

43. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

44. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former hourly employees of Defendant who worked for defendant as locksmith mechanics or in similar positions and who: 1) worked more than forty hours in a week, within at least the three year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above – the class includes those paid overtime wages later than weekly.

45. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over one hundred members of the class during the class period.

46. The class definition will be refined as is necessary, including after discovery if necessary.

47. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

48. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

49. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

50. **At all times relevant herein, Defendant failed and willfully failed to pay and timely pay Plaintiff, and all those similarly similarly-situated, overtime compensation at rates not less than one and one-half times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.**

### Relief Demanded

51. Due to Defendant's FLSA violations, Plaintiff, and all those similarly similarly-situated, are entitled to recover from Defendant, their unpaid overtime compensation, <u>an additional equal amount of unpaid overtime (maximum) as liquidated damages</u>, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION

### NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime)

52. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 54 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

53. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

54. The class of similarly situated individuals as to the overtime cause of action under the NYLL is defined as current and former hourly employees of Defendant who worked for defendant as locksmith mechanics or in similar positions and who: 1) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above – the class includes those paid overtime wages later than weekly.

55. The class definition will be refined as is necessary, including after discovery if necessary.

56. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over a hundred members of the class during the class period.

57. Upon information and belief the putative class is so numerous that joinder of all members is impracticable.

58. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for all hours worked in excess of forty in a week.

59. Upon information and belief, the claims of the representative party are typical of the claims

of the class.

60. The representative party will fairly and adequately protect the interests of the class.

61. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

62. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) Whether, Defendants failed and/or refused to pay and timely pay the Plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

63. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants and in light of the large number of putative class members.

64. At all times relevant to this action, Plaintiff and all those similarly situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

65. **At all times relevant herein, Defendant failed to pay and willfully failed to pay and timely pay Plaintiff and all those similarly situated as class members, overtime compensation at rates not less than one and one-half times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650**

**et seq.; 12 NYCRR § 142-2.2.**

### Relief Demanded

66. Due to Defendant's NYLL overtime violations, Plaintiff, and all those similarly similarly-situated, are entitled to recover from Defendant, their unpaid overtime compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663.

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL 191, 193, 198 (Unlawful deductions)

67. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 66 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

68. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

69. The class of similarly situated individuals as to the overtime cause of action under the NYLL 191, 193 is defined as current and former hourly employees of Defendant who worked for defendant as locksmith mechanics or in similar positions and who: 1) suffered wage deductions by defendant in the form of parking fines etc., and/or who were paid overtime and non-overtime wages later than weekly, and/or who were not paid wages owed to them, within at least the six-year period, preceding the filing of this complaint.

70. The class definition will be refined as is necessary, including after discovery if necessary.

71. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over one hundred members of the class during the class period.

72. Upon information and belief the putative class is so numerous that joinder of all members is impracticable.

73. Upon information and belief, there are questions of law or fact common to the class – whether, Defendant made improper deductions from the wages of Plaintiff and the putative class members in the form of parking fines etc., in violation of NYLL 193, and/or paid plaintiff and the putative class members wages later than weekly in violation of NYLL 191.

74. Upon information and belief, the claims of the representative party are typical of the claims of the class.

75. The representative party will fairly and adequately protect the interests of the class.

76. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

77. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (b) Whether, Defendant made improper deductions from the wages of Plaintiff and the putative class members in the form of parking fines etc., in violation of NYLL 193, and/or paid plaintiff and the putative class members wages later than weekly in violation of NYLL including NYLL 191(1)(a)(i).

78. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants and in light of the large number of putative class members.

79. At all times relevant to this action, Plaintiff and all those similarly situated as class members,

were employed by Defendant within the meaning of the New York Labor Law, §§ 2, 190, 191 193 and 198 and the regulations thereunder.

80. At all times relevant to this action, Plaintiff and all those similarly situated as class members, were employed by Defendant as manual workers within the meaning of the New York Labor Law, §§ 2, 190, 191 193 and 198 and the regulations thereunder.

81. **At all times relevant herein, Defendant made and willfully made improper deductions from the wages of plaintiff and all those similarly situated as class members, in violation of NYLL 193.**

82. **At all times relevant herein, Defendant failed and willfully failed to pay plaintiff and all those similarly situated as class members (manual workers), weekly, in violation of NYLL including NYLL 191(1)(a)(i).**

### Relief Demanded

83. Due to Defendant's NYLL 191 and 193 violations, Plaintiff, and all those similarly similarly-situated, are entitled to recover from Defendant, the amount of all unlawful wage deductions, the amount of unpaid overtime and non-overtime wages, maximum liquidated damages and prejudgment interest – including on all wages paid later than weekly, attorney's fees, and costs of the action, pursuant to NYLL § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

84. Declare Defendant (including its overtime and wage payment policy and practice as well as its wage deduction policy and practice) to be in violation of the rights of Plaintiff and those similarly situated, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL, including NYLL § 191, 193.

85. As to the **First Cause of Action**, award Plaintiff and those similarly situated who opt-in to this action, their unpaid overtime compensation due under the FLSA, together with

maximum liquidated damages - including on overtime wages paid later than weekly, costs and attorney's fees pursuant to 29 USC § 216(b);

86. As to the **Second Cause of Action**, award Plaintiff and those similarly situated as class members, their unpaid overtime compensation due under the New York Minimum Wage Act and the regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages and prejudgment interest - including on overtime wages paid later than weekly, costs and attorney's fees pursuant to NYLL § 663;

87. As to the **Third Cause of Action**, award Plaintiff and those similarly situated as class members, the amount of all unlawful wage deductions, the amount of unpaid wages, together with maximum liquidated damages and prejudgment interest - including on wages/overtime wages paid later than weekly, costs and attorney's fees pursuant to NYLL § 191, 193, 198;

88. Award Plaintiff, and all others similarly situated where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

89. Award Plaintiff and all those similarly situated such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
January 29, 2013

Respectfully submitted,

*Abdul Hassan*

Abdul K. Hassan, Esq. (AH6510) - Counsel for Plaintiffs
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-355-9668 – Email: abdul@abdulhassan.com